IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KARIN MARIE W.C., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:22-cv-00043-CMR <br><br> MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS <br><br> Magistrate Judge Cecilia M. Romero |

The parties in this case have consented to the undersigned conducting all proceedings (ECF 10). 28 U.S.C. § 636(c). Plaintiff Karin Marie W.C. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on November 17, 2022, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons stated on the record at the hearing and as discussed below, the court hereby AFFIRMS the decision of the Commissioner.

## I.     BACKGROUND

Plaintiff applied for benefits in April 2020, alleging disability beginning February 2017, due to back impairments (Certified Administrative Transcript (Tr.), ECF 12 at 214, 234). She had past relevant work as an administrative assistant (Tr. 235).

After a hearing (Tr. 45–69), an administrative law judge (ALJ) issued a September 2021 decision finding that Plaintiff was not disabled (Tr. 25–38). The ALJ followed the familiar five-step sequential evaluation for assessing disability. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found that Plaintiff had severe impairments, but that her medical conditions did not meet or equal the criteria of the per se disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 30–34). The ALJ next determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of sedentary work (Tr. 34–36). Considering this RFC, and consistent with vocational expert testimony, the ALJ found that Plaintiff could perform her past relevant work as an administrative assistant (Tr. 36-37). In the alternative, the ALJ found that there were other representative occupations existing in significant numbers in the national economy that Plaintiff could perform (Tr. 37–38). Therefore, the ALJ found that Plaintiff was not disabled under the Act (Tr. 38).

The Appeals Council denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). This appeal followed.

## II. STANDARD OF REVIEW

The scope of the Court's review of the Commissioner's final decision is specific and narrow. As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

### III. DISCUSSION

**A.  Substantial evidence supports the ALJ's RFC finding.**

On appeal, Plaintiff makes a number of arguments related to the ALJ's RFC finding which the court finds unpersuasive (Plaintiff's Brief (Pl. Br.), ECF 16 at 4–10). The court will address each of the alleged errors in turn.

First, Plaintiff argues that the ALJ erred in evaluating the opinion of Dr. Nordstrom and the prior administrative medical findings of Dr. Stevens and Dr. Gordon. Specifically, Plaintiff argues that the ALJ did not articulate a basis for his findings. Because Plaintiff applied for benefits after March 27, 2017, the ALJ applied a new set of regulations for evaluating medical evidence, including medical opinion evidence. *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5,844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the revised regulations, the ALJ will not defer to or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings, including those from medical sources about a claimant's functional abilities or limitations. 20 C.F.R. § 404.1520c(a). Rather, the ALJ will explain how he considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The ALJ must explain in his decision how persuasive he finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.*

3

The ALJ in this case complied with the regulatory framework when analyzing the medical opinion evidence and that analysis is supported by substantial evidence. In particular, the ALJ gave sufficient reasons for finding Dr. Nordstrom's opinion not persuasive, including that Dr. Nordstrom did not provide rationale to support his opinion, and that the opinion was not supported by his treatment notes or consistent with other medical evidence (Tr. 36). In addition, the ALJ's RFC finding for a reduced range of sedentary work is even more restrictive than the state agency physician's prior administrative medical findings for light work (Tr. 36). The ALJ's discussion was sufficient for this court to trace the path of the ALJ's reasoning, which is all that was required. 82 Fed. Reg. at 5,858 (stating that "the articulation requirements in these final rules will allow a subsequent reviewer or reviewing court to trace the path of the adjudicator's reasoning").

Second, Plaintiff argues that the ALJ did not sufficiently evaluate the record because he failed to order a physical consultative evaluation. The ALJ has an obligation to sufficiently develop the record. In some cases, the ALJ may not be able to make a determination about disability because the evidence of record is insufficient. *See* 20 C.F.R. §§ 404.1519a(b), 404.1520b(b)(2)(iii). Such was not the case here. The ALJ considered the entire record and determined it was sufficient to make a determination regarding disability. Moreover, as stated in *Bradley v. Berryhill*, No. 17-cv-02658-STV, 2018 WL 6168066 (D. Colo. Nov. 26, 2018), while "the ALJ has a duty to adequately develop the record, such a duty does not permit a claimant, through counsel, to rest on the record . . . and later fault the ALJ for not performing a more exhaustive investigation." *Id*. at *8 (quoting *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008)). The court therefore declines to reverse for failure to develop the record where Plaintiff was

represented by counsel who affirmatively told the ALJ that the record was complete (Tr. 45, 48–49, 205).

Third, Plaintiff argues the ALJ did not sufficiently evaluate her alleged hand impairments. The determination of RFC is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect her ability to perform work-related activities. *See Young v. Barnhart*, 146 F. App'x 952, 955 (10th Cir. 2005). As an administrative decision, an ALJ must consider all the evidence of record—including the medical history, medical signs and laboratory findings, the nature and effectiveness of treatment, medical opinions, statements by the claimant and others, daily activities, and other relevant evidence—in determining the RFC. 20 C.F.R. § 404.1545(a)(1), (3). The ALJ did so here (Tr. 34–36). Based on the entire record, the ALJ found that Plaintiff had the RFC for a reduced range of sedentary work, including that during an eight-hour workday she could occasionally lift 10 pounds and a negligible amount of weight such as a file folder frequently; push and pull at the same level as lifting and carrying; sit for a total of up to six hours and stand or walk for a total of up to two hours (with use of a single cane while ambulating and standing); never crawl, balance, or ambulate on uneven surfaces; occasionally climb ramps or stairs and never climb ladders, ropes or scaffolds; occasionally stoop, kneel, and crouch, and never work around hazards such as exposed heights or moving machinery (Tr. 34). The ALJ included additional restrictions in the RFC finding beyond those found in the prior administrative medical findings to account for her impairments, based on the record as a whole (Tr. 34, 36). *See Young*, 146 F. App'x at 955 ("The final responsibility for determining RFC rests with the Commissioner, based upon all the evidence in the record, not only the relevant medical evidence.").

### B. Substantial evidence supports the ALJ's step 5 findings.

Finally, Plaintiff argues the ALJ did not adequately find Plaintiff could do work existing in the national economy, given her RFC limitations. Plaintiff contends that the ALJ's decision was erroneous because one of the step five jobs, call out operator, does not exist. However, Plaintiff fails address the other jobs identified by the vocational expert and relied on by the ALJ at step 5 (Tr. 38). Nor does Plaintiff give any reason to overturn the ALJ's step four finding that Plaintiff could perform her past relevant work (Tr. 36–37). Thus, Plaintiff has failed to show harmful error in the ALJ's step 5 findings. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

In sum, the ALJ's decision was supported by substantial evidence in the record as a whole and free from reversible error. The court declines Plaintiff's invitation to reweigh the evidence. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quoting *Zoltanksi v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004))).

### IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence and free from reversible error, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 16 December 2022.

                                                                                     _____
                                                                                     Magistrate Judge Cecilia M. Romero
                                                                                     United States District Court for the District of Utah